UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA CHARLESTON DIVISION

JOHNNY RAY BOYKIN,                              CIVIL CASE NO.:___2:20-cv-00560___
        Plaintiff:                              Jury Trial Demanded

vs.

ZACHARY BELCHER, CORRECTIONAL OFFICER II, MOUNT OLIVE CORRECTIONAL COMPLEX AND JAIL;
DUSTIN CARUTHERS, CORRECTIONAL OFFICER I, MOUNT OLIVE CORRECTIONAL COMPLEX AND JAIL;
JUSTIN HICKS, CORRECTIONAL OFFICER I; DEFENDANTS

PLAINTIFF'S VERIFIED COMPLAINT

INTRODUCTION

(1)     This is a civil rights action filed by Johnny Ray Boykin, a state prisoner, for damages, declatory, and injunctive relief under 42 U.S.C. §1983, alleging excessive use of force via chemical agent; and failure to intervene when others use excessive force. Which have caused great suffering, physical pain and mental with emotional injury in violation of the Eighth amendment to the United States Constitution, inter alia, the torts of assault and battery.

(2)     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 (1), because this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. §1343, because this action seeks to redress the deprivation, under color of state law, of civil rights.

(3)     This Court has jurisdiction to grant declaratory relief under 28 U.S.C. §2201 and 2202, and Fed. R. Civ. P. Rule 57.

(4)     This Court has jurisdiction to grant injunctive relief under Fed. R. Civ. P. Rule 65.

(5)     This Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §1367

VENUE

(6)     Venue is proper in this judicial district under 28 U.S.C. §1391 (b), because defendants reside in this district, and because all parts of the events and omissions giving rise to plaintiff's claims occurred in this district.

**PARTIES**

(7)     The plaintiff, Johnny Ray Boykin, was incarcerated at Mount Olive Correctional Complex and Jail

(MOCC & "J"), during the events described in this complaint.

(8)     Defendants Zachary Belcher, Dustin Caruthers, and Justin Hicks are correctional officers I & II

employed at MOCC & J. they are sued in their individual capacities.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

(9)     Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

(See, Attachment #1).

**STATEMENT OF FACTS**

(10)     On or around February 2, 2019, plaintiff was housed in the Quilliams Two Unit, Pod 5, cell 502,

which was the lock-up unit at MOCC & J. Where he was securely locked inside a single-man cell. There

was no immediate direct threat to the plaintiff, other inmates, staff or the facility security and property.

(11)     Defendants Belcher and Hicks entered pod 5 for the purpose of doing pill pass with licensed

Practical Nurse Richard Williams. They did approach plaintiff's cell door so he could receive his

medication.

(12)     Defendant Belcher then knocked on plaintiff's cell door. Defendant Belcher did open the food

tray slot and asked if plaintiff wanted his medication. In which plaintiff responded with a loud clear "no".

(13)     Defendant Belcher then started knocking aggressively on plaintiff's door. So plaintiff,again, with

a loud and clear voice asked defendant Belcher not to bang on the cell door, and he didn't want meds.

(14)     Defendant Belcher replied by telling plaintiff to "eat a dick". Closing the food tray slot and

moving on.

15)     Plaintiff tried to get defendant Belcher and Hicks attention by yelling out his cell door for them

to come back because he needed to talk with them. After several attempts with no response plaintiff did

kick on the cell door.

(16)     That prompted defendants Belcher and Hicks to return to plaintiff's cell. Plaintiff asked

defendant Belcher why he told him to eat a dick. Which defendant Belcher said for plaintiff to "shut the

fuck up, and stop kicking the door. To which plaintiff complied with that order and never did kick the cell

door.

(17)     After telling the plaintiff to shut the fuck up, and stop kicking the door an argument ensued

between plaintiff and defendant Belcher. Resulting in defendant Belcher calling plaintiff a bitch and door

warrior.

(18)     At no time did defendant Hicks try to diffuse the situation, or warn defendant Belcher not to

provoke the plaintiff with disparaging remarks.

(19)     Neither defendant Belcher or Hicks attempted to resolve the problem with efforts to temper;

but tried to provoke the plaintiff and get him upset and angry.

(20)     At that time LPN Williams did exit Pod 5, and defendant Caruthers entered Pod 5, joining

defendants Belcher and Hicks at plaintiff's cell door.

(21)     Defendant Belcher asked for defendant Caruthers for his MK IX Oleoresin Capsicum. With

defendant Belcher removing it from defendant Caruthers belt. And told defendant Caruthers to open

the food tray slot.

(22)     Defendant Belcher then deployed 2-3 one second bursts of Oleoresin Capsicum to plaintiff's

forehead, nose, eyes and mouth. All without any warning or commands to the plaintiff.

(23)     At no time was plaintiff a threat to himself, staff or the facility nor did he attempt to destroy

state property. And at no time did defendants Belcher, Caruthers and Hicks give verbal commands to

plaintiff.

(24)    Neither defendant Hicks or Caruthers during that incident try to attempt to intervene and protect the plaintiff from defendant Belcher; or say "stop, no, don't or that's enough".

(25)    As a direct result from defendant Belcher's excessive use of force via oleoresin capsicum plaintiff did experience respiratory problems, burning skin, eyes, nose and throat.

### CLAIMS FOR RELIEF

(26)    Defendant Belcher exercised deliberate indifference when maliciously, sadistically and with a sufficiently culpable state of mind deployed 2-3 one second burst of MK IX oleoresin capsicum against plaintiff's forehead, nose, eyes and mouth without need or provocation causing respiratory problems, burning skin, eyes nose and throat.

(27)    As a result of the deliberate indifference displayed by defendant Belcher, plaintiff has suffered excruciating physical pain from the hands of defendant Belcher, who swore to uphold the law and protect him from harm. Plaintiff has suffered severe physical injuries, and extreme emotional distress from the incident. Constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

(28)    Defendant Belcher did willfully, deliberately, and premeditate to maliciously wound via MK IX oleoresin capsicum against plaintiff by means resulting in bodily injury with intent to maim, disfigure, disable or kill against the plaintiff without need or provocation. Constituting the tort of assault and battery under the law of West Virginia, under West Virginia Code §61-2-9.

(29)    Defendants Hicks and Caruthers exercised deliberate indifference to plaintiff's health and safety by failing to intervene to prevent the misuse of force by fellow guard defendant Belcher. Those actions were done maliciously and sadistically and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

(30)     As a result of the deliberate indifference exercised by defendants Hicks and Caruthers, plaintiff suffered respiratory problems, burning skin, eyes, nose and throat. Plaintiff has suffered severe physical injuries, and extreme emotional distress from the incident. Constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, plaintiff requests that the Court grant the following relief:

A.     Issue a declatory judgment stating that:

1)     Belcher violated his rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under West Virginia State law;

2)     Defendants Hicks and Caruthers' failure to intervene and prevent excessive use of force via MK IX oleoresin capsicum by fellow guard defendant Belcher, violated plaintiff's rights under Eighth Amendment to the United States Constitution and constituted the tort of negligence under the law of West Virginia.

B.     Issue an injunction ordering that:

1.     Expungement of the disciplinary convictions from this incident removed from plaintiff's institutional record.

C.     Award compensatory damages jointly and severally against:

1.     Defendant Belcher for the physical and emotional injuries sustained as a result of the plaintiff's spraying with MK IX oleoresin capsicum;

2.     Defendants Hicks and Caruthers' failure to intervene and prevent misuse of force via MK IX oleoresin capsicum causing physical and emotional injuries.

D.     Award punitive damages in the following amounts:

1.      $250, 000 against defendant Belcher;

2.      $125,000 each against defendants Hicks and Caruthers.

E.      Award any and all costs accumulated as a result of this suit.

F.      Grant such other relief as it may appear the plaintiff is entitled.

Respectfully Submitted,

Johnny Ray Boykin #3452074
In Propria Persona


By:

Johnny Ray Boykin #3452074

NORTHERN CORRECTIONAL FACILITY
112 NORTHERN CORRECTIONAL DRIVE
MOUNDSVILLE, WV 26041



Dated:  January 17, 2020

### VERIFICATION OF JOHNNY RAY BOYKIN

I, Johnny Ray Boykin, being duly sworn according to the law depose and say that I am the

plaintiff in the above entitled proceedings; and that all facts and allegations therein continued are true,

except insofar as they are therein stated to be made upon information; and insofar as they are stated to

be information, I believe them to be true.

Under declaration and penalty of perjury, I, Johnny Ray Boykin #3452074, competent make it

known that I have personal knowledge of the matter stated herein under 28 U.S.C. §1746, that this is

true and correct.

Johnny Ray Boykin
Inmate No.: 3452074


Dated this day January 17, 2020

Attachment  # 1

Inmate Grievance No. 19- MOCC - Q2 - 146

RECEIVED
FEB 06 2019
QUILLIAMS 2

**APPROVED FOR INMATE VIEWING**

Policy Directive 335.00
01 February 2014
Attachment #2

W.Va. Division of Corrections Inmate Grievance Form

Grievance No. 19 MOC Q2-146

Inmate Name: Johnny Ray Boykin
DOC # 3452074
Date of Grievance 02-05-19   125

Boykin  3452074

**State Nature of Grievance / Issue to be addressed** (Note 1 issue per grievance be concise file with Unit Manager NO WRITING ON BACK):

On the 2nd of February 2019, I sleeping when CO Belcher woke me up they repeatly knocking on my cell door. After seen that I was not going to get up he continue to laugh on the door. After trying to plead with him to please stop knock on

**Relief Sought (state what you want):** For CO Belcher to be keep away from me cause I'm afraid he might do something else to me, and to have the footage from that nigh

Johnny Ray Boykin II   (The inmate may attach 1 8.5 x 11 sheet if necessary at this level only)
**Inmate's Signature**

**Unit Manager's Response (attach additional sheet if needed)**

Accepted X     Rejected___ Reason for rejection:_____ Date: 07 FEB 19

Response on Merits if accepted: YOU MET WITH INVESTIGATOR MEADOWS REGARDING THE INCIDENT.
**Signature**

Resolved:_____ (if so initial and give copy to unit manager)   Appealed to Warden/Administrator JRB II(initial) Date: 02-08-19

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00

**Inmate's Signature**  Feb 08, 2019  **Date**

**Action by Warden/Administrator:**

Accepted ✓     Rejected___ Reason for rejection:_____ Date:_____

Response on Merits if accepted: __ Remand to Unit for action  ✓ Affirm unit and/or deny grievance __ Grant the Grievance as specified
Comments You will not be permitted to dictate staff assignments. The Officer must be able to see you clearly and you are supposed to stand for identification.

Teresa Gregory Actg Sup  FEB 14 2019
**Warden/Administrator's Signature**  **Date**

Resolved:_____ (if so initial and give copy to unit manager)   Appealed to Commissioner ____(initial)

If no response at Warden/Administrator'al level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00

_____  _____
**Inmate's Signature**  **Date**

ction by Commissioner:

Accepted___  Rejected___  Reason for rejection:_____ Date:____
Response on Merits if accepted: __ Affirm Warden/Administrator and deny grievance  (Affix final stamp)  __ Other, memo attached.

RECEIVED
FEB 06 2019
QUILLIAMS 2

**APPROVED FOR INMATE VIEWING**

Policy Directive 335.00
01 February 2014
Attachment #2

W.Va. Division of Corrections Inmate Grievance Form

Grievance No. 19 MOCC 02-146

Inmate Name: *Johnny Ray Boykin*

DOC #: 3455074 / 3452074

Date of Grievance: 02-05-19   125   206

State Nature of Grievance / Issue to be addressed (Note 1 issue per grievance be concise file with Unit Manager NO WRITING ON BACK):

*On the 2nd of February 2019, I sleeping when CO Belcher woke me up they repeatly knocking on my cell door. After asking that officer not going to get up he continue to knock on the door. After trying to plead with him to please stop knock on ...*

Relief Sought (state what you want):

*For CO Belcher to be keep away from me cause I'm afraid of what he might do something else to me and to have the footage from that night*

(The inmate may attach 1 8.5 x 11 sheet if necessary at this level only)

Inmate's Signature: *Johnny Ray Boykin II*

Unit Manager's Response (attach additional sheet if needed)

Accepted: X   Rejected: ___   Reason for rejection: ___   Date: 07 FEB 19

Response on Merits if accepted:
*YOU MET WITH INVESTIGATOR MEADOWS REGARDING THE INCIDENT.*

Signature: [signature]

Received: ___ (if so initial add copy to unit manager)   Appealed to Warden/Administrator *JRB* (initial) Date: 02-08-19

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth by Policy Directive 335.00

Inmate's Signature: *Johnny Ray Boykin II*   Date: Feb 08, 2019

Action by Warden/Administrator:
Accepted: ✓   Rejected: ___   Reason for rejection: ___   Date: ___

Response on Merits if accepted: ___ Remand to Unit for further action   ✓ Affirm unit and/or deny grievance ___ Grant the Grievance as specified

Comments: *You will not be permitted to dictate staff assignments. The officer must be able to see you clearly and you are suppose to stand for identification.*

Warden/Administrator's Signature: *Lori Gregg Nohe Supt*   Date: FEB 14 2019 (Attach additional sheet if necessary)

Resolved: ___ (if so initial and give copy to unit manager)   Appealed to Commissioner *JRB* (initial)

Received

If no response at Warden/Administrator'al level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response [...] within the time frames set forth in Policy Directive 335.00

Inmate's Signature: *Johnny Ray Boykin II*   Date: Feb 21, 2019

FEB 25 2019
WARDENS
West Virginia Division of
Corrections & Rehabilitation

Affirmed
Grievance Denied
Central Office
Grievance Review

Action by Commissioner:
Accepted: ✓   Rejected: ___   Re[...]
Response on Merits if accepted: ___ Affirm W[...]

Date: ___
mp) ___ Other, memo attached.

the door. CO Belcher responded by telling me to "eat a dick" and walked away. So I kicked the door so that I could get his attention, because he sexually harrassed and disrespected me, and at that time all I was trying to do was tell him not to talking to me like that. But he walked away from the door the second I kicked the door again so he would return and that when me and CO. Belcher got into an argument where he went on to call me a bitch, and a door warrior. Then after that CO Belcher popped the bean hole and sprayed me because I would not lay down on my bunk. Along with the sexual haarasment the improper use of force by CO Belcher I'm starting to have issues with my lungs.

RECEIVED
FEB 1 2019
WARDEN'S OFFICE
MOCC

**West Virginia Division of Corrections**

Incident Report No. 00244399

Docket No. 197659

### Disciplinary Incident Report

The inmate Johnny Ray Boykin - 3452074 is hereby charged with violations of Disciplinary Rule :

1.10 Tampering with Locks and/or Doors

having occurred at 23:20 on  2  February  2019 . The circumstances of the violations are as follows:

On 02 February 2019 at approximately 2320 hours I Correctional Officer Two Zachary Belcher was working my assigned post in Quilliams Two at Mount Olive Correctional Complex and Jail when the following incident occurred.  While doing pill pass in Quilliams Two Pod 5 with Correctional Officer One Justin Hicks and Licensed Practical Nurse Richard Williams I was instructed to wake up Inmate Boykin, Johnny OID# 3452074 in cell 502 so he could receive his medication. I then proceeded to knock on Inmate Boykins cell door multiple time without any answer. I then shined my flashlight in the cell and knocked again asking Inmate Boykin if he wanted his medication to which I did not get a reply again. I then opened the food tray slot and asked Inmate Boykin again if he wanted his medication to which he replied "Get the hell away from my cell". LPN Williams, COI Hicks, and myself then continued making our way to the next cell to distribute the medication, when I did hear a loud noise come from Inmate Boykins cell. I then walked over to see what the noise was. Inmate Boykin was standing at his cell door and as I approached the door Inmate Boykin started to yell "You ain't nothing but a bitch, I run this shit you little bitch!". At this time I did tell LPN Williams to exit the unit. At this time Correctional Officer One Dustin Caruthers did enter Pod 5. I did give Inmate Boykin several repetitive, loud, clear verbal commands to stop yelling and kicking his door and for Inmate Boykin to go lay down. Inmate Boykin did refuse to listen to my efforts to temper. To prevent Inmate Boykin from harming himself or damaging state property I then instructed COI Caruthers to open the food tray slot and I unsecured COI Caruthers's duty carry MK IX Oleoresin Capsicum Serial # 3754848 and was forced to deploy multiple half second bursts of Oleoresin Capsicum to the forehead, nose, and eyes of Inmate Boykin. Due to Inmate Boykin's actions I am charging him in accordance with policy directive 325.00 rule # 1.10 tampering with locks and doors. "No inmate shall tamper with, Remove, damage, destroy, obstruct, jam or in any way make any lock, door, security device, or fire safety equipment operate in a manner other than intended by the builder." End of report.

Charging Employee Zachary Belcher

Shift Commander Hill, Andrew

Chief of Security Ward, Josh

**TO THE INMATE:** You are advised that you are to appear before the Correctional Hearing Officer on the above charge at ___2/19/2019 3:30:00 PM___ (date/time)

*EM*

**THESE ARE YOUR RIGHTS:** You are advised that you have the right to testify in your own behalf, present documentary evidence, call witnesses in support of your position, cross-examine witnesses, and seek the assistance of a representative to help you answer the charges. Within fifteen (15) days of receiving a copy of the Hearing Report, you may submit a written appeal to the Warden/Administrator; furthermore, within fifteen (15) days after your appeal to the Warden/Administrator has been answered and returned to you, you may submit a written appeal to the Commissioner of Corrections.

I attest by my signature that   on   _1820_   _14_   _February_   _2019_
                                        (Time)   (Day)   (Month)              (Year)

I presented to the inmate whose name appears above a copy of this Disciplinary Report.

_____          _____
**Signature of Employee**                      **Printed Name of Employee**

Johnny R. Banks #0162036
Northern Regional...
112 Northern Regional Correctional Facility
Moundsville, WV 26041

ZIP 26041 $ 002.00⁰
02 4W
0000374249 AUG  20  2020

United States District Court
300 Virginia St., East
Charleston, WV 25301

Northern Regional Jail
And Correctional Facility