## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

JOHNNY RAY BOYKIN,

      Plaintiff,

v.                                                      Case No. 2:20-cv-00560

ZACHARY BELCHER, DUSTIN CARUTHERS,
and JUSTIN HICKS,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

The three defendants in this matter have not been successfully served with process. Because Plaintiff had provided no other addresses for the defendants when he filed this complaint, personal service of the summonses for each defendant was attempted by the United States Marshals Service ("USMS") at the Mount Olive Correctional Complex ("MOCC"), their last known place of employment. (*Id.*) However, on October 6, 2020, the summonses for Zachary Belcher ("Belcher") and Justin Hicks ("Hicks") were returned by the USMS as unexecuted with a notation that they are "no longer employed" there. (ECF Nos. 9 and 10). The summons for Dustin Caruthers ("Caruthers") was improperly

served on David A. Farmer, an employee of the WVDOC Intergovernmental Affairs Bureau, which was not proper service under Rule 4.  Accordingly, on April 25, 2022, the undersigned directed that a new summons for Caruthers be issued, and that service be attempted on Caruthers by the USMS at MOCC, his last known place of employment. However, that summons was returned unexecuted on June 16, 2022, as Caruthers is also "no longer employed" there.

The Court has been unable to move this case forward without service of process. Consequently, on May 10, 2023, the undersigned issued an Order and Notice directing Plaintiff to provide alternative addresses for each defendant, as is his obligation, within 20 days; that is, by May 30, 2023.  As of today, Plaintiff has provided no alternative addresses at which to attempt service of process on these defendants.

## ANALYSIS

Although the Court is charged with assisting the *pro se* pauper Plaintiff with service of process under 28 U.S.C. § 1915(d), it is not required to be an advocate for him.  Prior attempts of service of process on the defendants were unsuccessful and Plaintiff has not provided any other alternative address where service may be attempted on them as ordered by the Court.  The Court has no responsibility to continue to search for the location of these defendants in order to try to perfect service of process for the *pro se* pauper plaintiff.  As noted by another Honorable Judge of this court:

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made.  Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.); *see also Lacy v. DeLong*, No. 2:13-cv-14813, 2017 WL 6508364 *2 (Dec. 20, 2017) ("The Court is not required to continue its efforts at the behest of Plaintiff who

2

is unable to provide the Court with any information allowing for service to be had upon [the defendant]").

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> Time Limit for Service.  If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Because more than 90 days has passed without appropriate service on defendants Belcher, Caruthers, and Hicks, notwithstanding attempted service on them by officers of the court at their last known address, the undersigned proposes that the presiding District Judge **FIND** that these defendants have not been properly served with process and Plaintiff has not provided good cause for such failure.  Thus, the claims against these defendants, and, consequently, the entire complaint, are subject to dismissal under Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the complaint and this civil action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff.

June 5, 2023

Dwane L. Tinsley
United States Magistrate Judge